Bill LOVING, Plaintiff—Appellant,

v.

UNITED STATES of America; John Ashcroft,* Attorney General, Defendants—Appellees.

No. 01–55173.

D.C. No. CV–00–00117–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.**

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM ***

Bill Loving appeals the district court's summary judgment in favor of defendants on his First Amendment challenge to the

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

** Because the panel unanimously finds this case suitable for decision without oral argument, Loving's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Driver's Privacy Protection Act (the "Act"), 18 U.S.C. §§ 2721–2725, which regulates the disclosure of personal information that states maintain in motor vehicle records. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1126 (9th Cir.2001).

Loving lacks standing to bring this challenge. He has not demonstrated that he faces "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979). Although Loving asserts that he has a "concrete plan" to violate the law, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc), his allegations do not support the conclusion that his "plan" is illegal under the Act. Loving fails to plead that he sought or was denied personal information from a department of motor vehicles. Moreover, the record is devoid of any general or specific threat of enforcement directed toward Loving. *See id.* at 1139–40. Finally, although the Act is relatively young, Loving presents no evidence of past enforcement. *See id.* at 1140. Loving's alleged injury is too abstract and too speculative to support jurisdiction. *See id.* at 1139.

**AFFIRMED.**